UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HORACEK,

        Plaintiff,                          Case Number: 20-11682
                                                      Hon. Thomas L. Ludington

v.

DR. CARTER, MCF, CORIZON, INC; et al.,

        Defendants.

_____/

**OPINION AND ORDER OF PARTIAL DISMISSAL**

**I.**

Plaintiff Daniel Horacek, currently confined at Carson City Correctional Facility, Carson City, Michigan, filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, Plaintiff alleges medical and corrections staff at three different Michigan Department of Corrections facilities were deliberately indifferent to his serious medical needs. Plaintiff specifically alleges that denials of and delays in treatment of his knee and shoulder injuries and failure to accommodate those injuries caused him over two and a half years of severe pain and permanent disability.

For the reasons stated below, the Court will dismiss Plaintiff's Complaint for failure to state a claim against the following Defendants: P.A. Kim Farris, P.A. Marianne D. McKissick, Sgt. Slater, Dr. Perez, P.A. Block, and N.P. Oliver. However, construing Plaintiff's Complaint liberally, the Court concludes that Plaintiff's claims against the remaining defendants, both correctional staff and healthcare providers, are not meritless.

## II.

Plaintiff arrived at Macomb Correctional Facility on May 19, 2017, having suffered a knee injury while at the Oakland County Jail. ECF No. 1 at PageID.4. He could not ambulate without assistance, but Defendant Nurse Lisa Adray declined his requests for housing in the medical unit. *Id.* at 5. He was sent to a non-handicap accessible unit. *Id.* at 5-6.

On his arrival, he informed Defendant Corrections Officer Sims that he was unable to climb stairs, showing her his knee injury. *Id.* at 6. She told him to either climb the stairs to his assigned unit or go to segregation. *Id.* Plaintiff, fearful of further injury, told her he could not climb the stairs. *Id.* Sims and another housing unit officer cited Plaintiff for disobeying a direct order, and handcuffed him behind his back, causing him to fall. *Id.* A corrections officer arrived to take Plaintiff to segregation. *Id.* The officer brought a wheelchair, because Sims and medical staff told him Plaintiff was unable to walk due to his injury. *Id.*

Plaintiff was thrown to the floor in his segregation cell, injuring his hip and back. *Id.* at 7. While there, he was unable to use the non-handicap-accessible toilet, so he soiled himself. *Id.* He was also unable to move to the food slot for food and drink. *Id.* During the six days he was in segregation, he spoke to Defendant Nurse Cindy (last name unknown) at least twice, seeking treatment for pain due to his knee and the hip and back injuries received in segregation. Cindy told him his knee injury was not serious. *Id.*

Plaintiff was released from segregation after several days by the Deputy Warden. *Id.* The Deputy Warden ordered Plaintiff moved to the medical unit and that he be housed in the medical wing with access to the handicap elevator. *Id.* However, Defendant Dr. Carter did not provide Plaintiff with the "no stair" order necessary for him to access the elevator. Carter also failed to

order any accommodations for showers or meal assistance and failed to provide Plaintiff any pain management. *Id*. at 8.

Plaintiff informed staff in his new housing unit about his medical needs and the Deputy Warden's statements. Because the doctor's order did not include elevator access, Defendant Prison Counselor Jane Doe gave Plaintiff the choice of using the stairs or returning to segregation. *Id*. at 9. Plaintiff, using a walker, enlisted other inmates to aid him climbing and descending the stairs. However, he fell three times. *Id*. Finally, on June 6, 2017, Plaintiff obtained some of the handicap accommodations he sought. *Id*. at 10. However, he was then transferred to Newberry Correctional Facility in Newberry, Michigan.

At Newberry, Defendant Dr. Perez evaluated Plaintiff's knee and ordered an X-ray and an MRI. An outside orthopedic specialist determined that he needed a total knee replacement but encouraged Plaintiff to lose weight and strengthen his leg before scheduling surgery. *Id*. at 11. The specialist also ordered a knee brace. *Id*. However, Defendants Nurse Vanatta and Physician Assistant Havens informed Plaintiff he would not receive a knee brace due to the cost. *Id*. at 12.

After the rejection of the knee brace, Plaintiff's knee gave out while he was walking and he fell, sustaining a significant injury to his shoulder. *Id*. After that injury and the entry of another order for a knee brace, Havens refused to provide one. *Id.* at 13. Dr. Perez requested another orthopedic consult, but Plaintiff was transferred to Central Michigan Correctional Facility before the appointment was obtained. *Id*.

At Central Michigan, Plaintiff informed Defendant Nurse Doug Shelton of his injuries and need for knee replacement, but Shelton told Plaintiff it would be a few months before he would be seen by a healthcare provider. *Id*. at 14. After several months, Plaintiff received X-rays of both his

knee and shoulder and an MRI of the shoulder. He was told by Defendant Nurses Rachel Long, J. Bitler, and Shelton that the tests indicated his shoulder was fine.

Defendant Physician Assistant Block and Nurse Practitioner Oliver confirmed that in fact Plaintiff's shoulder injury was significant. *Id*. Plaintiff repeatedly informed healthcare of his severe pain and loss of function without obtaining further care. *Id*. at 15. Finally, Plaintiff was able to obtain an off-site consultation. An orthopedic physician informed Plaintiff that his shoulder had deteriorated to the point of requiring surgery, which would have been unnecessary with timely treatment. *Id*. Plaintiff underwent surgical scar tissue removal, but relief was temporary, and he is again experiencing pain and loss of functionality. *Id*. at 15-16. Nine months after his arrival at Central Michigan, Plaintiff finally had knee replacement surgery. *Id*. at 16.

### III.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

A pro se civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). And "'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992) (other citation omitted)). In addition, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation

of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

## IV.

### A.

Deliberate indifference constitutes the "unnecessary and wanton infliction of pain" that may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Newsome v. Peterson*, 66 F. App'x 550, 551 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). A constitutional claim for the deprivation of adequate medical care requires a prisoner to plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).

Deliberate indifference "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Dominguez*, 555 F.3d at 550 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To establish a serious need for medical care, "*Farmer* requires only that 'the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm[,]' so as to avoid 'the unnecessary and wanton infliction of pain.'" *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a

condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 897 (citations omitted).

Establishing the second, subjective, component "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703). "Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation." *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (citing *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 544 (6th Cir. 2003)).

**B.**

Defendant Dr. Perez examined Plaintiff several times. He ordered an X-ray and an MRI for him and sent him to an outside orthopedic specialist. Plaintiff does not allege any act or omission to suggest Perez interfered with or delayed his access to health care. Plaintiff has not established deliberate indifference by Dr. Perez. Defendant Perez will be dismissed.

Similarly, Plaintiff's allegations against Defendants Block and Oliver, that they confirmed to him his shoulder injury was significant, fail to establish deliberate indifference. Block and Oliver will also be dismissed.

Plaintiff asserts no allegations at all against three of his named defendants. While a *pro se* litigant receives "indulgent treatment," *Hill*, 630 F.3d at 471, courts are not obligated to "conjure up unplead[ed] allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("it is still necessary to include some 'well-pleaded factual allegations' to support the claim." (quoting *Iqbal*, 129 S. Ct. at 1950)). Because

Plaintiff made no allegations against Kim Farris, Marianne D. McKissick, or Sgt. Slater, those defendants will be dismissed.

### C.

Upon review, the Court concludes that Plaintiff's allegations against the remaining defendants are sufficient to warrant service of the Complaint. Conduct deemed deliberate indifference includes "the failure to respond to [serious] medical needs, intentional denial or delay of medical care, or intentional interference with a prescribed treatment . . ." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (citing *Estelle*, 429 U.S. at 104–05). In addition, because "society [has] grown increasingly sensitive to the need to accommodate individuals with disabilities," courts have found that the failure to provide handicap-accessible facilities to inmates may also violate the Eighth Amendment. *Stoudemire v. Michigan Dept. of Corr.*, 614 F. App'x 798, 803 (6th Cir. 2015) (quoting *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998)) (other citations omitted); *see also Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560, 569 (6th Cir. 2013).

Construing Plaintiff's Complaint liberally and in a light most favorable to him, the Court concludes that Plaintiff's claims against the remaining defendants, both correctional staff and healthcare providers, are not meritless. Plaintiff has sufficiently alleged that his knee and shoulder injuries present a serious medical need. He also alleges that Defendants were aware of his medical condition, but failed to treat his injuries, refused to accommodate his resulting disabilities, and interfered with prescribed care. As a result, Plaintiff claims Defendants unnecessarily caused him pain, further injury, and permanent disability. Plaintiff's claims against the remaining defendants to proceed.

## V.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is summarily **DISMISSED** with respect to Defendants Dr. Perez, Block, Oliver, Kim Farris, Marianne D. McKissick, and Sgt. Slater.


Dated: August 12, 2020　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Daniel Horecek** #218347, CARSON CITY CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811 by first class U.S. mail on August 12, 2020.

　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　KELLY WINSLOW, Case Manager