UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

        Plaintiff,

v.

CARTER, *et al.*,

        Defendants.

Case No. 1:20-cv-11682
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 74, 76)

**I.    RECOMMENDATION**: The Court should **GRANT** Defendants' motions to dismiss for Plaintiff's failure to participate in discovery and to prosecute his case pursuant to Fed. R. Civ. P. 37(d) and 41(b), and E.D. Mich. Local Rule 41.2. (ECF Nos. 74, 76.)

**II.    REPORT:**

    **A.    Background**

        **1.    Factual background**

Plaintiff Daniel Horacek, while incarcerated at the Carson City Correctional Facility and proceeding without the assistance of counsel, filed the instant action under 42 U.S.C. § 1983 on May 19, 2020, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment against sixteen medical and

corrections staff members at three different Michigan Department of Corrections (MDOC) facilities. (ECF No. 1.) In an August 12, 2020 opinion and order, Judge Ludington dismissed the complaint against six of the named Defendants for failure to state a claim. (ECF No. 5, PageID.71.)

On April 8, 2021, Judge Ludington referred the case to me for all pretrial matters (ECF No. 16), and on March 28, 2022, adopted my report and recommendation to deny the motion for partial summary judgment filed by four of the named Defendants (ECF Nos. 62, 64). The following Defendants remain: Jane Doe prison counselor; Dr. Carter and Michael E. Havens (collectively the Corizon Defendants); and Lisa Adray, Cynthia McInnis, Sims, Vanatta, Doug Shelton, Rachel Long, and J. Bitler (collectively the MDOC Defendants).

A review of the State's Offender Tracking Information System (OTIS) reveals that Plaintiff was released on parole on September 7, 2022, *see* www.michigan.gov/corrections, "Offender Search," and filed a notice of change of address with the Court on September 28, 2022. (ECF No. 71). The address listed in that notice remains Plaintiff's address of record with the Court. Shortly thereafter, I entered a scheduling order setting a discovery deadline of January 31, 2023, and a dispositive motion deadline of March 31, 2023, and directing Plaintiff to identify and provide a current address for the Jane Doe prison counselor named in his complaint. To date, Plaintiff has done neither.

### 2. Instant motions

Before the Court are the MDOC Defendants' January 25, 2023 motion to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 37(d) and 41(b) for failure to appear at his noticed deposition and to prosecute his case (ECF No. 74), and the Corizon Defendants' February 15, 2023 motion to dismiss on the same basis (ECF No. 76). Specifically, the MDOC Defendants assert that in November 2022, Plaintiff agreed to a date and time for his deposition and provided counsel his email address, which counsel subsequently verified as accurate. (ECF No. 74, PageID.608-609.) They mailed Plaintiff a notice of the agreed upon January 13, 2023 deposition on November 29, 2022, in accordance with Fed. R. Civ. P. 32(a)(4)(A), and placed calls but failed to reach Plaintiff ahead of the deposition on January 5 and 6, 2023. (ECF No. 74, pageID.609.) Counsel for the MDOC and Corizon Defendants appeared at the scheduled Zoom deposition on January 13, 2023, but Plaintiff did not. And he never responded to the attempts to reach him during the time set for the deposition. (ECF No. 74, PageID.610.) Thus, the MDOC Defendants assert, they are entitled to dismissal of Plaintiff's claims against them as well as costs for his failure to participate in his deposition or discovery, and to prosecute his case. (ECF No. 74.)

In their own motion on the same basis, the Corizon Defendants make essentially the same arguments in asserting that Plaintiff's case should be dismissed. (ECF No. 76.) Also pending before the Court is the motion for withdrawal and for a 120-day stay filed by counsel for the Corizon Defendants (ECF No. 78), which will be decided under separate cover, depending upon the ultimate disposition of the motions to dismiss.

## B. Standards

Under Fed. R. Civ. P. 37(d), the Court may order sanctions, including those listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) for a party's failure to appear for his own properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). Available sanctions include dismissal, as requested here. Fed. R. Civ. P. 37(b)(2)(A)(v). Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute").

The Sixth Circuit has identified four factors to be considered in reviewing motions to dismiss under both Fed. R. Civ. P. 37 and 41(b). *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Specifically,

4

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bass*, 71 F.3d at 241. *See also Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### C. Discussion

The record clearly demonstrates that dismissal is appropriate here, as it appears Plaintiff has willfully abandoned his case. As provided above, Plaintiff updated his address with the Court on September 28, 2022 (ECF No. 71), following his release on parole, and the scheduling order was mailed to Plaintiff at that address on October 5, 2022 (ECF No. 72), with no evidence on the docket that the order was returned as undeliverable. And, as confirmed by an email exchange attached to their motion to dismiss, the MDOC Defendants had contact with Plaintiff in November 2022. (ECF No. 74, PageID.608-609; ECF No. 74-2.)

The same day of that email exchange with Plaintiff – November 29, 2022 – the MDOC Defendants served notice upon Plaintiff of his January 13, 2023

5

deposition, stating the time and place (Zoom) of the deposition, as well as Plaintiff's name and address. (ECF No. 74-3). *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address."). However, the transcript of that deposition, attached to the MDOC Defendants' motion, reveals that counsel for both sets of Defendants attended, but Plaintiff did not, and that counsel for the MDOC Defendants unsuccessfully attempted to reach Plaintiff by telephone ahead of the deposition on January 5 and 6, 2023, as well as during the time scheduled for the deposition. (ECF No. 74-4.)

Plaintiff's absence has continued with the present motions. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). A response to a dispositive motion must be filed within 21 days after service of the motion. E.D. Mich. LR 7.1(e)(2)(A). The instant motions were filed on January 25 and February 15, 2023, respectively (ECF Nos. 74, 76), and served upon Plaintiff at his address of record (ECF No. 74, PageID.616; ECF No. 79). Thus, Plaintiff's responses would ordinarily have been due on or about Wednesday, February 15, 2023, and Wednesday, March 8, 2023. Fed. R. Civ. P. 6(a) and (d). However, I entered orders requiring Plaintiff's response to each motion by February 24 and March 17,

6

2023. (ECF Nos. 75, 77.) The Court's orders regarding the briefing schedules were mailed to Plaintiff's address of record and not returned as undeliverable, so it is presumed that Plaintiff received them. Yet to date, no responses have been filed.

From the above, the Court should conclude that Plaintiff's has willfully failed to participate in discovery and to prosecute his case, and that this failure has undoubtedly prejudiced Defendants. There is no evidence that Plaintiff has not received communication from the parties or from the Court, and if his address of record is indeed no longer accurate, it is the responsibility of Plaintiff and Plaintiff alone to notify the Court. E.D. Mich. LR 11.2. It is clear that he has knowledge of this requirement, as he has notified the Court in the past.

As to factors three and four, although Plaintiff was not warned that his specific behavior discussed herein could lead to dismissal, as the Corizon Defendants assert (ECF No. 76, PageID.649), Plaintiff was warned that he would be required to follow all the rules of the Court in the initial scheduling order (ECF No. 72). And from the record before the Court, I see no alternative sanction beyond dismissal that would help the Court to effectively manage its docket and avoid unnecessary burdens on the Court and opposing parties, and **RECOMMEND** that the Court **DISMISS** Plaintiff's action without prejudice under Fed. R. Civ. P. 37(d) and 41(b), and E.D. Mich. LR 41.2. The MDOC Defendants have also requested costs for the deposition that Plaintiff failed to

7

attend.  (ECF No. 74, PageID.615.)  Should the Court adopt this recommendation, the MDOC Defendants may file a sworn bill of costs for their claimed expenses within 14 days of its adoption, *should they still think it actually worthwhile* to pursue them.

## III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 4, 2023

*(signature)*

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE